# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BURTON WEINSTEIN, CAROLE NIMEROFF, CEDARVIEW OPPORTUNITIES MASTER FUND, LP, JEFFREY SCHNAPER, NIGEL GREGG, and WILLIAM SHEPPARD et al., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: N18C-04-043 EMD |
| LUXEYARD, INC., a Delaware corporation, and AMIR MIRESKANDARI, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER GRANTING MOTION OF DEFENDANT AMIR MIRESKANDARI TO DISMISS HIM FROM THIS ACTION FOR FAILURE TO STATE A CLAIM AND LACK OF PERSONAL JURISDICTION

Upon consideration of the Motion of Defendant Amir Mireskandari to Dismiss Him From This Action For Failure to State a Claim and Lack of Personal Jurisdiction (the "Motion") filed by Defendant Amir Mireskandari; Plaintiffs' Opposition to Motion of Defendant Amir Mireskandari to Dismiss Him From this Action for Failure to State a Claim and Lack of Subject Matter Jurisdiction ("Opposition") filed by Plaintiffs Burton Weinstein, Carole Nimaroff, Cedarview Opportunities Master Fund, LP, Jeffrey Schnapper, Nigel Gregg, and William Sheppard (collectively "Plaintiffs"); the Court having determined that no hearing is necessary on the Motion and Opposition; and the entire record of this civil action,

1.      Plaintiffs loaned money to LuxeYard between April 17 and April 19, 2012.[1] Plaintiffs and LuxeYard executed Promissory Notes in connection with the loans.[2] All of the Promissory Notes provide for a ten percent interest rate compounded annually.[3] The Promissory Notes matured on January 31, 2014.[4] Margot L. Ritcher executed the Promissory Notes on behalf of LuxeYard as its chief financial officer.[5] Mr. Mireskandari is one of the founders of LuxeYard and has served as chairman and as interim chief executive officer of LuxeYard.[6]

2.      Plaintiffs called the Promissory Notes upon maturity.[7] On February 25, 2014, a representative of Plaintiffs spoke with Mr. Mireskandari regarding repayment of the Promissory Notes.[8] Plaintiffs' representative indicated that Plaintiffs would pursue legal action unless payment was forthcoming.[9] Mr. Mireskandari stated that LuxeYard would repay the Promissory Notes with interest shortly.[10] At the time of this statement, LuxeYard did not have the financial ability to repay the Promissory Notes.[11]

3.      On several other occasions in 2014 and 2015, Mr. Mireskandari said that LuxeYard was collecting funds to pay the Promissory Notes.[12] Mr. Mireskandari made the same representation during an in-person meeting with a few of the Plaintiffs and their representatives

---

[1] Compl. ¶¶ 10-15. Unless otherwise indicated, the facts provided in this Order are the facts alleged in the Complaint and Demand for Trial by Jury (the "Complaint"). For purposes of the Motion, the Court must view the Complaint's alleged facts in a light most favorable to Plaintiffs. *See, e.g., Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Acad., LLC*, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[2] Compl. ¶¶ 10-15.
[3] *Id.* ¶ 16.
[4] *Id.* ¶¶ 10-15.
[5] *See* Mot., Ex. B-F.
[6] Compl. ¶ 3.
[7] *Id.* ¶ 20.
[8] *Id.* ¶ 22.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* ¶ 23.

on November 20, 2015.[13] Mr. Mireskandari allegedly made the representations knowing that LuxeYard was not collecting funds to repay the Promissory Notes.[14] Mr. Mireskandari failed to respond to any correspondence since the November 20 meeting.[15]

4. On November 22, 2017, Plaintiffs gave formal notice of a default requesting all amounts due under the Promissory Notes.[16] Plaintiffs gave notice of default again on November 30, 2017.[17] On April 5, 2018, Plaintiffs filed the complaint ("Complaint") in this civil litigation. The Complaint alleges: (1) breach of contract—against LuxeYard; and (2) intentional misrepresentation—against Mr. Mireskandari. In the Prayer for Relief, Plaintiffs seek

> judgment against LuxeYard and [Mr.] Mireskandari, jointly and severally, as follows: (a) All principal amounts due, owing, and outstanding under the Promissory Notes; (b) Accrued compounded pre-judgment interest at the contractual rate of 10% per annum; (c) Post-judgment interest, all attorneys' fees and costs incurred in connection with bringing this action, including, without limitation, the costs incurred in obtain service and giving notice of these proceedings as required by law; (d) Such other and further relief as this Court deems just and proper.[18]

Plaintiffs also seek to pierce the corporate veil and hold Mr. Mireskandari personally liable for LuxeYard's debts.[19]

5. On June 25, 2018, Mr. Mireskandari filed the Motion. Mr. Mireskandari argues that Count II—intentional misrepresentation— is truly a claim of fraud.[20] The damages for the fraud claim and breach of contract claim are the same. Therefore, the fraud claim cannot survive

---

[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] Compl. ¶ 25.
[17] *Id.*
[18] *See* Compl.
[19] Compl. ¶ 39.
[20] Mot. ¶ 1 (citing *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149 (1987).

and must be dismissed.[21]  Further, any claim for piercing the corporate veil belongs in the Court of Chancery.

6.      On July 10, 2018, Plaintiffs filed the Opposition.  Defendants acknowledge that courts generally do not allow plaintiffs to pursue separate causes of action for fraud and breach of contract.  But, courts will allow both claims if the claims are "based on conduct that is separate and distinct. . . ."[22]  Plaintiffs argue that this case involves separate and distinct conduct.  Further, the breach of contract claim is asserted against LuxeYard while the intentional misrepresentation claim is against Mr. Mireskandari.  The Plaintiffs also withdrew their request to pierce the corporate veil and ask the Court to strike paragraph 39 of the Complaint.[23]

7.      Upon a motion to dismiss under Civil Rule 12(b)(6), the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[24]  However, the Court must "ignore conclusory allegations that lack specific supporting factual allegations."[25]  "Dismissal is warranted where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[26]

---

[21] Mot. ¶ 4 (citing *Yu v. GSM Nation, LLC*, 2018 WL 2272708, at *16 (Del. Super. Apr. 24, 2018); *EZLinks Golf, LLC v. PCMS Datafit, Inc.*, 2017 WL 1312209, at *6 (Del. Super. Mar. 21, 2017); *Cornell Glasgow, LLC v. La Grange Properties, LLC*, 2012 WL 2106945, at *8-9 (Del. Super. June 6, 2012)).
[22] *See ITW Glob. Invs. v. Am. Indus. Partners Captial Fund IV, L.P.*, 2015 WL 3970908 (Del. Super. June 24, 2015).
[23] Opp. at 4-5.
[24] *See Central Mortg. Co,* 227 A.3d at 536; *Cedars Academy,* 2010 WL 5825343, at *3.
[25] *Ramunno v. Crawley,* 705 A.2d 1029, 1034 (Del. 1998).
[26] *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Aug. 20, 2004).

4

8.       The intentional misrepresentation claim reads as an attempt to pierce the corporate veil even after striking paragraph 39 of the Complaint.  Mr. Mireskandari is one of the founders and the principal shareholder of LuxeYard.[27]  Mr. Mireskandari has also served as chairman and as interim chief executive officer of LuxeYard.[28]  The Complaint seeks "an aggregate amount of the principal amounts plus interest outstanding, owing, and continuing to accrue under the Promissory Notes" for Count II.[29]  Plaintiffs seek "judgment against LuxeYard and Mireskandari, jointly and severally. . . ."  All damages alleged under Count II are completely intertwined with the breach of contract claim.  Therefore, dismissal is appropriate because there is no claim of any damages specific to the intentional misrepresentation that are not included in the breach of contract.[30]

9.       The Court will allow Plaintiffs leave to amend Count II of the Complaint.  Plaintiffs, however, should take into account the applicable law regarding the impermissible "bootstrapping" of a breach of contract claim into a fraud claim.

**IT IS HEREBY ORDERED** that, for the reasons set forth above, the Motion is **GRANTED**; and

---

[27] Compl. ¶ 36.
[28] *Id.* ¶ 3.
[29] *Id.* ¶ 3, 38.
[30] *EZLinks Golf*, 2017 WL 1312209, at *5 (citing *Hiller & Arban, LLC v. Reserves Mgt., LLC*, 2016 WL 3678544, at *4 (Del. Super. July 1, 2016)); *Hiller & Arban*, 2016 WL 3678544, at *4 ("Allegations related to the inducement to contract have been recognized as 'separate and distinct' conduct, while those focused on inducement of continued performance are generally impermissible."); *Cornell Glasgow, LLC v. La Grange Properties, LLC*, 2012 WL 2106945, at *9 (Del. Super. June 6, 2012) (finding that plaintiff's allegations that it "continued to incur costs as it marketed and sold homes while defendants intended that [one defendant] would breach [the Agreement]" is "nothing more than a 'rehash' of [plaintiff's] damages allegations relating to its breach claims."). *See also Grunstein v. Silva*, 2009 WL 4698541, at *9 (Del. Ch. Dec. 8, 2009) (stating "[u]nlike the traditional fraud claim that allows a plaintiff to plead intent generally, because the factual predicate of a promissory fraud claim is the speaker's state of mind at the time the statement is made, a general averment of a culpable state of mind is insufficient."  Rather, a plaintiff "must plead specific facts that lead to a reasonable inference that the promissor had no intention of performing at the time the promise was made.").

5

**IT IS HEREBY FURTHER ORDERED** that Count II of the Complaint is

**DISMISSED** without prejudice with leave to amend within twenty (20) from the date of this

Order.

Dated: August 23, 2018
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:      File&ServeXpress

6